# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-00138-RLV-DSC

| | |
|---|---|
| ANDREA SPAINHOUR, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>LOWE'S COMPANIES, INC., )<br>LOWE'S HOME CENTERS, LLC, )<br>)<br>**Defendants.** )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Lowe's Companies, Inc.'s and Lowe's Home Centers, LLC's ("Defendants" or "Lowe's") Motion to Dismiss Plaintiff's Complaint (Doc. 3) (the "Motion") and accompanying brief in support (Doc. 5), which were filed on July 19, 2016. Plaintiff Andrea Spainhour ("Plaintiff") filed a Complaint (Doc. 1-1) in Iredell County Superior Court on June 3, 2016, followed by an Amended Complaint (Doc. 6-1) (the "Complaint" or "First Amended Complaint") on June 27, 2016, which alleges that her employer, Lowe's, had discriminated against her on the basis of gender and age, creating a hostile work environment, and unlawfully retaliated against her in response to her filing of claims with the EEOC. Lowe's moves this Court, pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6), to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted (Doc. 3). For the following reasons, the Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

## I. PROCEDURAL & FACTUAL BACKGROUND[1]

In October 2009, Plaintiff, a 65 year-old female, began working at Lowe's Headquarters in Wilkesboro, North Carolina, and was later transferred to the Store 480 location in Winston-Salem, North Carolina to work as a Human Resource Manager ("HRM"). (Doc. 6-1 at 2). Plaintiff's relevant education and experience relating to this position include a Bachelor's Degree in Organizational Behavior, a certification as a Human Resources Professional by the Society of Human Resource Managers, and her time working as an HR professional since 2004. (Doc. 6-1 at 2).

In November 2013, Plaintiff noticed younger, newly-hired HR personnel being offered starting salaries around $55,000, compared to her own salary of $38,000. (Doc. 6-1 at 3). Upon expressing her concern over such disparity with the Area HRM, Mr. McArdle, he responded by increasing Plaintiff's salary; this increase still left Plaintiff receiving a lesser salary than younger, recently-hired employees. *Id.* Plaintiff was also not being afforded the same opportunities for special assignments as the younger HRMs, such as the task of working on new-hire orientation which was given to an HRM in his mid-30's. *Id.*

Plaintiff was denied the opportunity to transfer to another store, the Lowe's at Hanes Mall in Winston-Salem, North Carolina, to be closer to her residence. *Id.* Plaintiff is a resident of Forsyth County, within which is where the city of Winston-Salem is located, but the Complaint doesn't state her address. (Doc. 6-1 at 1). Plaintiff states that the HRM position at the Hanes Mall location was never posted, but a younger, less-experienced HRM was transferred to this position. *Id.* at 3. When Plaintiff asked why the position was never posted and why she could not transfer, Mr. McArdle said that the position was "confidential," and that Lowe's does not transfer employees

---

[1] For this review of a 12(b)(6) Motion, the Court accepts as true all well-pleaded allegations and views the complaint in a light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

based on home location. *Id.* However, Plaintiff notes that Mr. McArdle had on another occasion transferred an HRM based on home location. *Id.*

On April 26, 2015, Plaintiff filed an EEOC claim based on this treatment, alleging age discrimination in violation of the Age Discrimination Employment Act (the "ADEA"). (Doc. 6-1 at 3; Doc. 3-1). About a month after filing the EEOC claim, Plaintiff went on medical leave from May 29, 2015 through June 19, 2015. (Doc. 6-1 at 3). A non-HRM employee, Marie Hippert, was delegated certain of Plaintiff's responsibilities while Plaintiff was on leave that were not tasks within Ms. Hippert's job title. *Id.* at 4. For instance, Hippert was given the task of managing all employee food events, despite the fact that there were no food events during Plaintiff's leave, and Ms. Hippert was also authorized to speak with employees regarding certain HRM matters; this authorized activity continued even after Plaintiff's return from medical leave. *Id.* These actions were viewed by Plaintiff as an effort to reduce her authority and distance her from the HRM position in retaliation for her EEOC claim. *Id.* at 4-5.

Plaintiff states that another store associate informed Plaintiff that a notebook belonging to Ms. Hippert was found at the customer service desk. *Id.* at 5. Inside the notebook was a letter, written in April 2015 to the Area HRM, Jennifer Coady, alleging that Plaintiff was incompetent and unable to carry out her designated responsibilities. *Id.* The Complaint doesn't allege who wrote the letter. Plaintiff states that she inquired about the letter and Ms. Coady responded that she was aware of the allegations in the letter, but took no action as a result. *Id.*

Following these events, Plaintiff applied for an "HR/Admin Coach" position with Lowe's in Statesville, North Carolina. *Id.* After receiving initial support from one of the interviewing agents regarding her application, this same individual appeared very "cold" while conducting Plaintiff's interview such that Plaintiff sensed the decision about her candidacy for the position

had already been made. *Id.* The reasoning provided for why Plaintiff was not selected was her failure to provide sufficient examples of working with senior management, yet Plaintiff allegedly provided at least two such examples. *Id.* Plaintiff again saw this adverse treatment as retaliation after her EEOC claim. *Id.*

The EEOC issued Plaintiff a Notice of Right to Sue on March 7, 2016. (Doc. 6-1) at 2. Plaintiff filed a Complaint (Doc. 1-1) in Iredell County Superior Court on June 3, 2016, followed by an Amended Complaint (Doc. 6-1) on June 27, 2016, which alleged her employer, Lowe's, had discriminated against her on the basis of gender and age, created a hostile work environment, and unlawfully retaliated against her in response to her filing of claims with the EEOC. Plaintiff seeks relief from: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) harassment based on gender creating a hostile work environment in violation of Title VII of the Civil Rights Act of 1964; (3) age discrimination in violation of the North Carolina Equal Employment Practices Act (the "NCEEPA"), N.C.G.S. § 143-422.2; and (4) retaliation[2] in violation of the Title VII of the Civil Rights Act of 1964 and the NCEEPA. *Id.* at 6-8. On July 13, 2016, Defendants filed a Notice of Removal, asserting subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331 for Plaintiff's federal causes of action and 28 U.S.C. § 1367(a) for Plaintiff's claim under the NCEEPA. (Doc. 1) at 2. This action was removed from the Superior Court of Iredell County, North Carolina, which is within this Court's Statesville division of the Western District of North Carolina. Therefore, venue is appropriate in this division.

---

[2] The Court notes that under the claim for retaliation, Plaintiff's Amended Complaint ¶ 76, Plaintiff asserted her right to be free from "racial harassment and race discrimination" under Title VII. (Doc. 6-1 at 8). Because the remainder of this section proceeds to define the retaliation in terms of Plaintiff's right to be free from age and gender discrimination, and nowhere else does Plaintiff appear to support racial harassment or race discrimination, the Court proceeds with the analysis by treating this mention as inadvertent error.

Defendants filed the present Motion and an accompanying brief in support on July 19, 2016. (Doc. 3; Doc. 5). On August 5, 2016, Plaintiff filed a brief in opposition to the Motion (Doc. 7), to which Defendants replied on August 15, 2016 (Doc. 8). Defendants contend that this Court lacks jurisdiction over Plaintiff's Title VII claims for gender and retaliation because Plaintiff did not include these claims in the EEOC charge, and therefore did not exhaust her administrative remedies. (Doc. 3 at 2). Moreover, Defendants argue that Plaintiff's claim for relief under the NCEEPA should be dismissed because Plaintiff was not discharged from employment, and therefore cannot seek relief under the NCEEPA. *Id.* Plaintiff conceded this point and does not dispute that the claims under the NCEEPA deserve dismissal as a matter of law. (Doc. 7 at 4). Based on this concession, Defendants claim that Plaintiff's allegations regarding age discrimination are now fully absent from these proceedings since no ADEA claims appeared in the Complaint. (Doc. 8 at 1-2). Furthermore, Defendants argue that because Plaintiff's other allegations regarding gender discrimination and retaliation were not first included in the EEOC claim, nor do they relate back to any EEOC claim properly pending before the Court, the Court should not consider either claim. *Id.* at 6.

In response to these contentions by Defendant, Plaintiff maintains that the factual allegations in the Complaint as well as the initial EEOC claim support her claims of discrimination, and she also provides additional facts concerning the alleged issues with jurisdiction and exhaustion of administrative remedies. (Doc. 7). Namely, Plaintiff asserts that she completed her initial EEOC claim without counsel present, and that it was subsequently supplemented with information contained in documented email communication between her counsel and an EEOC Federal Investigator, Mr. Nieves. *Id*. at 3–4; (Doc. 6-3; Doc. 6-4). Plaintiff asserts that such communication occurred at the behest of Mr. Nieves. *Id*. at 3; (Doc. 6-3; Doc. 6-4). Moreover,

Plaintiff contends that this communication was sufficient to update and amend her original charge to include retaliation claims. (Doc. 7 at 3; Doc. 6-2).

## II. DISCUSSION

### A. STANDARD OF REVIEW

To withstand a motion to dismiss under Rule 12(b)(6), a complaint "must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Although the pleading standard does not require "detailed factual allegations," it still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Further, the complaint must contain sufficient facts to "to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). That is, the facts in the complaint must establish more than a mere possibility that the defendant acted unlawfully, and instead must allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

While this Court is required to accept well-pleaded facts of the complaint as true, conclusory assertions of law or fact are not entitled to that same assumption of truth. *Id.* (quoting *Twombly*, 550 U.S. at 555). Ultimately, determining whether a complaint meets the plausibility standard is a two-step inquiry. First, the court considers the pleading, identifying those allegations that are mere legal conclusions and thus not entitled to the assumption of truth. *Id.* at 679. Then, where there are well-pleaded factual allegations, the court takes these statements as true and determines whether those facts plausibly give rise to an entitlement to relief. *Id.*; *see also A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) ("A court decides whether this

standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" (citing *Iqbal*, 556 U.S. at 678-79)).

When assessing pleadings involving employment discrimination claims, courts do not require a plaintiff to fully establish a *prima facie* case of discrimination, nor do courts demand a greater degree of particularity for Title VII complaints. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, (2002). However, the Fourth Circuit maintains that, although a plaintiff need not entirely prove her *prima facie* case, the plaintiff is still required to allege sufficient facts to state all the elements of her respective claims. *See Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir. 2003); *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he Supreme Court's holding in *Swierkiewicz v. Sorema* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim.")

Before filing a federal suit under Title VII, or the ADEA, a plaintiff is required to file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(b), (f); 29 U.S.C. § 626(d)(1); *Jones v. Calvert Group, Inc.*, 551 F.3d 297, 300 (4th Cir. 2009); *Sloop v. Mem'l Mission Hosp., Inc.,* 198 F.3d 147, 148 (4th Cir. 1999) ("[A] claimant under Title VII must exhaust his administrative remedies by raising his claim before the EEOC . . . This requirement is variously referred to as a jurisdictional prerequisite to adjudication in the federal courts . . . and a requirement that a claimant exhaust administrative remedies."). The contents of this charge determine the scope of the plaintiff's right to file a federal lawsuit such that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [federal]

lawsuit." *Jones,* 551 at 300 (quoting *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 963 (4th Cir. 1996)). Consequently, a failure to exhaust administrative remedies for a claim under Title VII deprives the federal courts of subject matter jurisdiction over the claim, and the same is true of ADEA claims. *Jones*, 551 at 300. Further, where claims raised in federal court exceed the scope of the EEOC charge, meaning those initially listed and those reasonably related to or developing from the original charges, such claims are procedurally barred. *Sloop v. Mem'l Mission Hosp., Inc.,* 198 F.3d 147, 148-49 (4th Cir. 1999); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

## B. ANALYSIS

### 1. PLAINTIFF'S TITLE VII CLAIMS

Defendants contend that because Plaintiff's Title VII claims were not included in her EEOC claim and exceed the scope of that EEOC claim, and because administrative remedies were thus not exhausted, this Court does not have subject matter jurisdiction. (Doc. 3 at 2). Plaintiff's sole response to this contention asked the court to liberally construe the EEOC claim and associated documents based on the fact that Plaintiff completed the EEOC claim without counsel present. (Doc. 7 at 4). It is unclear from the record just when in the process Plaintiff came to have counsel.

The exhaustion requirement of Title VII primarily serves to provide notice to the party being charged with the various acts of discrimination. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (explaining that the "filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file [a] subsequent lawsuit" but rather was intended primarily to serve other parties with notice of the charges made against them). Directly related to this purpose, when determining what claims are properly brought, this court may only
8

look to the actual charges filed. *Balas v. Huntington*, 711 F.3d 401, 408 (4th Cir. 2013); *see also Miles v. Dell*, 429 F.3d 480, 492 (4th Cir. 2005) (finding the court could not consider a private letter, even one sent *after* a formal charge was filed with the EEOC, that was not served on the defendant); *Sloop v. Mem'l Mission Hosp., Inc.,* 198 F.3d 147, 149 (4th Cir. 1999) ("[I]t would be objectively illogical to view a private letter from a complaining party to the EEOC . . . given that one of the purposes of requiring a party to file charges with the EEOC is to put the charged party on notice of the claims raised against it."); and *Brooks v. Coble Settlement*, No. 1:14-CV-280, 2015 WL 862546 at *5 (M.D.N.C. Feb. 27, 2015) (plaintiff's subjective intent when communicating with the EEOC is irrelevant in assessing the exhaustion of administrative remedies for the purpose of identifying proper charges). While courts recognize that EEOC claims ought to be construed liberally, as they often are not completed by lawyers, this does not permit a court to read into charges allegations not contained therein. *Balas*, 711 F.3d at 408. Accordingly, in concluding whether Plaintiff's charges of gender discrimination exceed the scope of the EEOC claim, this court only considers the charge itself.

Moreover, in determining the scope of the charge for the purpose of a federal lawsuit, the court's analysis is based on those claims stated in the charge and those reasonably related to or developing from a reasonable investigation of the stated claims. *Jones*, 551 F.3d at 300; *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 963 (4th Cir. 1996). If in the course of this analysis, the allegations made in the administrative charges are so dissimilar to those presented in the federal lawsuit, this will compel the conclusion that a plaintiff has failed to exhaust her administrative remedies. *Chacko*, 429 F.3d at 511-12 (explaining that "[a] Title VII plaintiff can of course exhaust administrative remedies if a reasonable investigation of his administrative charge would have uncovered the factual allegations set forth in formal litigation" but not where the charge and the

9

claims brought forth in court are so unrelated); *see also Jones*, 551 F.3d at 300 ("[A] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex.")

Here, when prompted for the discriminatory basis on which the charge is being brought, Plaintiff solely checked the box for "age" and checked no other boxes, including the box for "sex". (Doc. 3-1 at 2). Moreover, the narrative information provided only references Plaintiff's treatment as compared to "younger hires," and concludes with her belief that she was discriminated against on the basis of her age in violation of the ADEA. *Id.* None of these allegations refer or are related to sex or harassment based on sex creating a hostile work environment, and a reasonable investigation concerning whether younger hires were being promoted and paid at a higher rate than Plaintiff cannot be expected to uncover such dissimilar allegations. As a result, these claims under Title VII exceed the scope of the EEOC claim such that Plaintiff has failed to exhaust her administrative remedies, and, consequently, this court lacks subject matter jurisdiction over such claims. Accordingly, Plaintiff's claims for relief under Title VII relating to gender discrimination and harassment based on gender creating a hostile work environment are dismissed**.**

   2. **PLAINTIFF's CLAIM UNDER NCEEPA**

Defendants argue that, since Plaintiff has not been discharged from employment, she cannot assert a claim under NCEEPA because such action is only available in cases of wrongful discharge. (Doc. 5 at 7-8). Plaintiff does not dispute that this claim for relief under the NCEEPA warrants dismissal as a matter of law. (Doc. 7 at 4). Indeed, North Carolina law only recognizes wrongful discharge claims under the NCEEPA, and has expressly failed to acknowledge a common law private cause of action for discrimination without termination of employment. *Smith*

*v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000) ("Neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA. Instead, most courts have applied the NCEEPA only to common law wrongful discharge claims or in connection with other specific statutory remedies."); *see also Dewitt v. Mecklenburg County*, 73 F. Supp. 2d 589, 604-605 (W.D.N.C. 1999) (noting that the public policy exception only allows plaintiffs to proceed in "specific, very narrowly defined circumstances" and plaintiffs have only been permitted to recover for wrongful discharge claims, rather than general disparate treatment or hostile work environment claims); *Mullis v. Mechanics & Farmers Bank*, 994 F.Supp. 680, 687 (M.D.N.C. 1997). However, Plaintiff alleged facts sufficient to give Defendants fair notice of Plaintiff's claim for relief for age discrimination.

Under Fed. R. Civ. P. 8,

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). One of the purposes of Fed. R. Civ. P. 8(a)(2)'s requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" is to "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To satisfy this notice requirement and meet the pleading standard imposed by Fed. R. Civ. P. 8(a), "'the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.'" *Id.* (brackets and ellipsis omitted) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Furthermore, a complaint styled and organized in such a manner that "it is virtually impossible to know which allegations of fact are intended to support which claims for relief" will

11

not satisfy the fair notice requirement imposed by Rule 8(a). *Jackson v. Warning*, 2016 WL 520947, at *3 (D. Md. Feb. 5, 2016) (internal quotation marks omitted).

Here, Plaintiff's EEOC claim alleged age discrimination in violation of the ADEA, and, subsequently, Plaintiff's complaint alleged age discrimination, although pursuant to the NCEEPA. Plaintiff alleged facts supporting a claim for age discrimination, giving Defendants fair notice of her claim and the grounds upon which it rests, and sufficiently satisfies the requirements of Fed. R. Civ. P. 8(a)(2).

A plaintiff may amend her complaint as a matter of course within twenty-one days of the defendant filing its answer. Fed. R. Civ. P. 15(a)(1). After the twenty-one-day period elapses, plaintiff must obtain written consent from the defendant or leave from the court before she can amend her complaint. Fed. R. Civ. P. 15(a)(2). Where a plaintiff seeks leave from the court to file an amended complaint, "[t]he court should freely give leave when justice so requires." *Id.* The interests of justice are not, however, served "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted). "Whether an amendment is prejudicial is often determined by the nature of the amendment and its timing." *Id.* at 427. An amendment is likely to prejudice the defendant if it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." *Id.* (brackets and internal quotation marks omitted).

Granting Plaintiff leave to file a motion to amend her complaint for the purposes of claiming age discrimination pursuant to the proper statute, the ADEA, is supported by the interests of justice and will not prejudice Defendants. Defendants were given fair notice of Plaintiff's claim

for age discrimination by her claim for relief under the NCEEPA and her supporting factual allegations. Accordingly, the Court grants Plaintiff leave to file a motion to amend within fourteen (14) days of this Order so she may properly cast her claim as pursuant to the ADEA. Plaintiff may file a proposed second amended complaint with the motion to amend.

3. **PLAINTIFF'S CLAIMS OF RETALIATION**

Defendants argue that because Plaintiff did not include retaliation in the EEOC charge, the Court does not have subject matter jurisdiction over these claims, administrative remedies having not been exhausted. (Doc. 3 at 2). Plaintiff counters by arguing that retaliation claims, unlike other claims requiring exhaustion of administrative remedies, may be brought first in federal court. (Doc. 7 at 4). Defendants do not dispute this contention, but further argue that retaliation claims brought for the first time in federal court must still relate back to an EEOC claim properly before the court. (Doc. 8 at 5).

As an exception to the exhaustion requirement for other claims, a plaintiff may file a retaliation claim for the first time in federal court so long as the claim is reasonably related to and developing from a prior EEOC claim. *Jones*, 551 F.3d ; *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). In *Nealon*, the Fourth Circuit resolved this question of whether a plaintiff can bring a retaliation claim for the first time in a federal suit. It concluded this act is permitted, so long as the retaliation claim is reasonably related to a proper EEOC claim. *Nealon*, 958 F.2d at 590 (finding that where a plaintiff correctly files a Title VII claim and then claims retaliation was dealt as a result of this action, their claim of retaliation can be properly heard for the first time in district court as it reasonably relates back to the initial charge).

However, retaliation claims that do not relate to charges properly before the court cannot be considered by the court. *See Jones v. Calvert Group*, 551 F.3d 297, 304 (4th Cir. 2009). In

13

*Jones*, the Fourth Circuit applied its earlier ruling from *Nealon*, finding that the plaintiff's retaliation claim could be brought for the first time in federal court and not dismissed for lack of exhaustion, so long as it related back to initial EEOC claims where exhaustion was satisfied. *Id.*

Here, Plaintiff's claim of retaliation was made following the assertion of her right to be free from age and gender discrimination. (Doc. 6-1 at 8). As discussed above, Plaintiff's claims for gender discrimination have not been exhausted and are not properly before this Court, meaning this Court may not hear a claim of retaliation solely relating back to such charges for the first time in federal court. However, Plaintiff's claim for age discrimination was exhausted at the administrative level when the EEOC issued Plaintiff a Notice of Right to Sue on March 7, 2016. As a result, claims of retaliation based on Plaintiff's asserted right to be free from age discrimination can be heard for the first time in this Court, and Defendants' Motion to Dismiss this claim is denied.

**IT IS, THEREFORE, ORDERED THAT**

(1) Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part;

(2) Plaintiff's first claim for relief for gender discrimination in violation of Title II of the Civil Rights Act of 1964 is hereby **DISMISSED WITHOUT PREJUDICE**;

(3) Plaintiff's second claim for relief for harassment based on gender, creating a hostile work environment in violation of Title II of the Civil Rights Act of 1964 is hereby **DISMISSED WITHOUT PREJUDICE**;

(4) Defendants' Motion to Dismiss Plaintiff's third claim for relief for age discrimination is hereby **DENIED**, and Plaintiff is granted leave to file a motion to amend her complaint within fourteen (14) days of this Order; and

(5) Defendants' Motion to Dismiss Plaintiff's fourth claim for relief for retaliation in violation of the Civil Rights Act of 1964 is hereby **DENIED**.

Signed: April 12, 2017

*/s/ Richard L. Voorhees*

Richard L. Voorhees
United States District Judge